IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD E. PROCTOR, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-418-JJF ) |
| RICK KEARNEY, et al., | ) ) |
| Defendants. | ) |

**O R D E R**

Plaintiff Ronald E. Proctor, Jr., an inmate at the Delaware Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or

appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Proctor v. Brasure, Civ. No. 01-013-JJF (D.Del. Jan. 8, 2001); Proctor v. Gaddis, Civ. No. 88-421-MMS (D.Del. Dec. 12, 1988); Proctor v. Avanzato, Civ. No. 88-420-MMS (D.Del. Dec. 12, 1988); Proctor v. Haley, Civ. No. 88-418-MMS (D.Del. Dec. 12, 1988); Proctor v. Watson, Civ. No. 88-417-MMS (D.Del. Dec. 12, 1988); and Proctor v. Scott, Civ. No. 88-415-MMS (D.Del. Dec. 12, 1988). Therefore, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard.

Plaintiff filed his complaint alleging denial of access to the courts because he was denied forms to petition the courts. He also alleges that he is charged twenty-five cents per page for the forms. Plaintiff alleges in a conclusory fashion that his "claims are imminent danger exceptions," but he has failed to allege any facts to show that at the time of the filing of his complaint he was in "imminent damage of serious physical injury."

-2-

(D.I. 2, ¶3.) Therefore, he is not excused from the restrictions under § 1915(g), and he may not proceed in forma pauperis.

IT IS ORDERED that:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (D.I. 1) is **DENIED**.

2. Plaintiff is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If Plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE

7/27/06